```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     |
ORIX FINANCIAL SERVICES, INC.,       |
formerly known as ORIX CREDIT        |
ALLIANCE, INC.,                      |
                                     |
            Plaintiff,               |
                                     |     05 Civ. 9346 (KMW)
     -against-                       |
                                     |     OPINION & ORDER
PRECISION CHARTERS, INC. and         |
JAMES W. SIGMON,                     |
                                     |
            Defendants.              |
                                     |
-------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

On September 11, 2007, Plaintiff Orix Financial Services, Inc. filed a motion for attorneys' fees, pursuant to Federal Rule of Civil Procedure 54(d)(2), against Defendants Precision Charters, Inc. and James W. Sigmon. Defendants opposed the motion. For the reasons set forth below, the motion is granted.

**BACKGROUND**

By Order dated July 13, 2007, the Court granted summary judgment to Plaintiff, finding Defendants liable for the unpaid portions of two promissory notes executed between the parties. The Order also awarded Plaintiff reasonable attorneys' fees, and directed the parties to negotiate and settle upon a reasonable attorneys' fee award. The parties were unable to reach an agreement on attorneys' fees, and Plaintiff subsequently filed this motion.

1

**DISCUSSION**

Plaintiff seeks an award of $9,336.25 in attorneys' fees for 53.35 hours of work on this case.[1] In support of Plaintiff's request, Plaintiff's counsel submits contemporaneous time records, showing the date, the hours expended, and the nature of the work performed on Plaintiff's case.[2] (Stein Affirmation 2-4.) Plaintiff's counsel also affirms that he is duly admitted to practice law in the State of New York, and that he has been engaged in the practice of commercial law for thirty years. (Stein Affirmation 4.) On this evidence, the Court finds that the documented hours spent on this case, and the hourly rate of $175 per hour was reasonable. See Kingvision Pay-Per-View Ltd. v. Palaguachi, No. 06 Civ. 2509, 2007 WL 42994, at *4 (E.D.N.Y. Jan. 3, 2007) (finding rates of $200 per hour for work performed by an attorney to be reasonable); Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (finding that "a reasonable rate scale is . . . $230-250 for attorneys with seven to

---

[1] Plaintiff originally requested $12,000 in attorneys' fees for the same 53.35 hours of work on this case. In his Reply Affirmation, however, Plaintiff's counsel stated that, "[Plaintiff] was billed at a reduced hourly rate of $175.00 per hour. This resulted in total billings to [Plaintiff] of $9,336.25. My client is willing to limit its request to this amount, since it is more than fair and reasonable for the time spent in this matter." (Reply 2.)

[2] Defendants argue that the submitted time records are insufficiently detailed because they do not indicate the lawyer that actually performed the work recorded. (Opp'n 1.) However, Plaintiff's counsel clarified in his Reply Affirmation that all of the work set forth in the submitted time records was performed by him, except for 3.5 hours of work performed by other associates at his firm. (Reply 1.)

nine years of experience").

Defendants argue, however, that the amount requested should be reduced because the work performed by Plaintiff's counsel was "cookie cutter" work, given the fact that Plaintiff's counsel has represented Plaintiff in "dozens, if not hundreds" of similar lawsuits. (Opp'n 2.) Notwithstanding Plaintiff's counsel's prior experience with similar cases, Plaintiff's counsel was still required to review and respond to the specific factual disputes raised by Defendants in their various moving papers in this case. The Court finds that the time and effort expended by Plaintiff's counsel in doing so was reasonable.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion is granted. Accordingly, the Court awards Plaintiff $9,336.25 in attorneys' fees. The Clerk of Court is directed to close this case; any pending motions are moot.

SO ORDERED.

Dated: New York, New York
~~November~~ October 29, 2007

KMW

_____
Kimba M. Wood
United States District Judge

3